## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF WISCONSIN

In re

Rhonda Bellette Stovall,

Debtor.

Chapter 13

Case No. 14-31213-svk

## DECISION AND ORDER ON DEBTOR'S OBJECTION
## TO CLAIM FILED BY TREE TOPS HOMEOWNERS ASSOCIATION

On September 4, 2014, Rhonda Stovall (the "Debtor") filed a Chapter 13 bankruptcy petition. On October 14, 2014, Tree Tops Homeowners Association (the "Association") filed a secured claim (Proof of Claim No. 6) in the amount of $8,550.50, consisting of $1,327.50 in unpaid association dues and interest and $7,223.00 in attorneys' fees for prosecuting a foreclosure action and a declaratory judgment action against the Debtor. On November 7, 2014, the Debtor filed an objection to the attorneys' fees portion of the Association's claim. (Docket No. 12.) The Debtor concedes that the unpaid assessments are secured by a valid lien on the Debtor's property, but contends that the attorneys' fees are not perfected by a lien and therefore are allowable only as an unsecured, non-priority claim. (*Id.*) The Association filed a response on November 13, 2014, arguing that the applicable Declarations provide that any owner who violates the terms shall be personally liable for and shall reimburse the Association for all costs and expenses, including attorneys' fees. (Docket No. 16.)

The Court held a hearing on December 16, 2014, and invited briefs on the issue of whether attorneys' fees incurred by a homeowners association are secured by the Debtor's real property. The Association filed a letter brief on December 30, 2014, and this Decision and Order constitutes the Court's findings of fact and conclusions of law.

STATEMENT OF FACTS

The Debtor's residence is located in the "Tree Tops Subdivision" in Germantown, Wisconsin. The subdivision contains a number of single-family lots governed by a recorded Declaration of Restrictions and Supplemental Declaration of Restrictions (the "Declarations"). (Docket No. 21.) In addition to establishing various rules and restrictions concerning the single family homes in the subdivision, the Declarations create and empower the Association. The Association is charged with managing and controlling subdivision common areas and performing other duties for the common benefit of the owners. (Docket No. 21 at 17-18.) The Association may levy assessments as well as charge each owner annual dues. (*Id.* at 21-22.) The Declarations state: "Assessments not paid when due shall bear interest at the rate of twelve percent (12%) per annum from the date due until paid, and such unpaid assessments and the interest thereon shall constitute a continuing lien on the real estate against which it was assessed until they have been paid in full." (*Id.* at 22-23.) The Declarations go on to provide that the Association may record a document with the Washington County Register of Deeds giving notice of a lien for unpaid assessments, and that "all recording and attorney fees relating to any such document shall be borne by the affected Owner." (*Id.* at 23.) To enforce the lien, the Association may foreclose "by a suit . . . in a like manner as the foreclosure of a mortgage on real property." (*Id.*)

Pursuant to the Declarations, on September 5, 2012, the Association recorded a lien in the amount of $375.00 against the Debtor's property (Washington County Case Number 2012-OL-000054). On October 28, 2013, the Association recorded another lien for $375.00 against the Debtor's property (Case Number 2013-OL-000007). On May 13, 2014, the Association commenced a foreclosure action on the liens (Case Number 2014-CV-000366). The Wisconsin

2

Circuit Court Access website indicates that the Association also filed a notice of lien against the Debtor on July 23, 2014, also for $375.00, presumably for the unpaid 2014 association dues. *See* Wisconsin Circuit Court Access (WCCA), Case No. 2014OL000009, http://wcca.wicourts.gov.

In addition to the assessments, on April 1, 2014, the Association sent a letter to the Debtor demanding that she remove a utility trailer that she was storing on her property in violation of the Declarations. (Docket No. 24 at 5.) When the Debtor failed to remove the trailer, the Association filed an action for a declaratory judgment on May 8, 2014, to require the Debtor to remove the trailer or allow the Association to remove the trailer at the Debtor's expense. (Washington County Case Number 2014-CV-000354.) The Circuit Court for Washington County scheduled a hearing on both the Association's motion for default judgment in the lien foreclosure action and the Association's motion for summary judgment in the declaratory judgment action for September 5, 2014. The hearing was stayed by the Debtor's September 4, 2014 Chapter 13 petition. (Docket No. 1.)

ANALYSIS

The Debtor does not dispute that she is bound by the Declarations. The Declarations appear to be properly recorded, and the Debtor took ownership of her property through a deed subject to the Declarations. Therefore, the Debtor's liability for the amounts sought in the Association's claim is not contested. However, while the Declarations clearly state that the Association may recover its attorneys' fees from the owner, the Declarations do not expressly provide that the attorneys' fees – as opposed to the assessments themselves – constitute a lien on the Debtor's property. Given this anomaly, the issue is whether the Association's attorneys' fees can be allowed as a secured claim in her bankruptcy case.

The Association cited no legal authority governing liens for unpaid homeowners association dues or assessments, instead pointing to Wis. Stat. § 703.15, applicable to condominium associations. According to the Association, its purpose "is similar to, if not the same as, the purpose behind a Condominium Association." (Docket No. 24 at 12.) Under Wis. Stat. § 703.15, every condominium shall be governed by an association with the power to levy and collect assessments from owners. Wis. Stat. § 703.165(7) further provides that an unpaid assessment constitutes a lien on the units on which they are assessed, and "[a] lien may be enforced and foreclosed by an association or any other person specified in the bylaws, in the same manner, and subject to the same requirements, as a foreclosure of mortgages on real property in this state. An association may recover costs and actual attorney fees." Importantly, the statute specifically provides that "[a]ll assessments, until paid, *together with interest on them and actual costs of collection*, constitute a lien on the units on which they are assessed . . ." Wis. Stat. § 703.165(3) (emphasis added).

While similarities may be drawn between a homeowners association and a condominium association, Chapter 703 of the Wisconsin Statutes is clearly only applicable to condominium associations and does not apply to this case. As a homeowners association, the Association is not the type of association contemplated by the condominium association statute. *See In re Johnson*, No. 10-26741, 2014 Bankr. LEXIS 2657 (Bankr. D.N.J. June 16, 2014) (finding that a New Jersey Condominium Act was not applicable to a proceeding involving a homeowners association).

The Court's independent research revealed that homeowners association liens in Wisconsin are governed by Wis. Stat. § 779.70, providing for maintenance liens by nonprofit, membership corporations. *See Lake Como Beach Prop. Owners Ass'n v. Giovannoni*, 132

N.W.2d 590 (Wis. 1965) (property owners association levied assessments and attempted to foreclose on property acting under § 779.70, formerly § 289.70); *Franklin v. Trinke Estates Prop. Owners Ass'n*, 468 N.W.2d 32 (Wis. Ct. App. 1990) (homeowners association was incorporated pursuant to § 779.70). Indeed, the Association's own notice of lien filed on July 23, 2014 indicated "maintenance lien" as the class code. *See* Wisconsin Circuit Court Access (WCCA), Case No. 2014OL000009, http://wcca.wicourts.gov.

Under Wis. Stat. § 779.70, "Any corporation organized under the laws of this state as a nonprofit, membership corporation for the purpose of maintaining, improving, policing or preserving properties in which its members shall have common rights of usage and enjoyment . . . may levy an assessment . . . to be known as a maintenance assessment, against all of the lots." Wis. Stat. § 779.70(4) provides that in the event that an assessment remains unpaid, the association may file a claim for a maintenance lien against the lot. To enforce the lien, the Association "may foreclose the same by action in the circuit court having jurisdiction thereof, and §§ 779.09, 779.10, 779.11, 779.12 and 779.13 shall apply to proceedings undertaken for the enforcement and collection of maintenance liens as described in this subsection." Wis. Stat. § 779.70(6). Notably, unlike § 703 governing condominium associations, § 779.70 contains no provision suggesting that attorneys' fees or costs are included in the amount of the lien.

And the Declarations themselves do not provide a basis for granting secured status to the attorneys' fees. Although they permit the Association to charge the owner with the Association's attorneys' fees, the Declarations do not expressly state that the attorneys' fees are secured or part of the lien. In contrast with the assessments and interest denoted by the Declarations as a "continuing lien," the attorneys' fees are simply "borne by the affected Owner." (Docket No. 21 at 21.) *See In re Forde*, 507 B.R. 509, 515 (Bankr. S.D.N.Y. 2014)

5

(despite provision for attorneys' fees in the condominium declaration, under New York property law attorneys' fees do not automatically become part of lien).  For this reason, the Court rejects the Association's argument that the Declarations are akin to a mortgage, since, unlike a mortgage, the Declarations do not state that the costs of collection will be secured by the mortgage lien.  And, while a judgment including attorneys' fees would be enforceable as a secured claim, the Association did not complete its foreclosure action and obtain a judgment prior to the Debtor's bankruptcy.

CONCLUSION AND ORDER

For these reasons, the claim for the Association's attorneys' fees does not constitute a lien against the Debtor's property, and is not an allowable secured claim in this bankruptcy case.

IT IS THEREFORE ORDERED:  the Association's claim for assessments is allowed as a secured claim in the amount of $1,327.50.

IT IS FURTHER ORDERED:  the Association's claim for attorneys' fees is allowed as a general unsecured, non-priority claim in the amount of $7,223.00.

Dated: January 26, 2015

By the Court:

Susan V. Kelley
Chief U.S. Bankruptcy Judge